1  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
2  James P. Wagoner, #58553
     *jim.wagoner@mccormickbarstow.com*
3  Christian D. Jinkerson, #232143
     *ian.jinkerson@mccormickbarstow.com*
4  Beau R. Mosman, #321404
     *beau.mosman@mccormickbarstow.com*
5  7647 North Fresno Street
   Fresno, California 93720
6  Telephone:    (559) 433-1300
   Facsimile:    (559) 433-2300
7

8  Attorneys for Defendant Government Employees
   Insurance Company, aka GEICO

9

10              UNITED STATES DISTRICT COURT

11    NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

12

13  Ramji Govindarajan,                    | Case No. 3:18-cv-07797

14              Plaintiff,                  | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

15        v.

16  Government Employees Insurance Company
    aka GEICO, a Maryland Corporation,

17              Defendant.                  | Date:     July 11, 2019
                                            | Time:     9:00 a.m.
18                                          | Crtrm.:   F – 15th Floor

19                                          | Judge:    Hon. Jacqueline Scott Corley

20                                          | **[Accompanying Documents:  Notice of Motion and Motion; Request for Judicial Notice; Declaration of Michael Stodghill; and [Proposed] Order]**
21
22
23
24
25
26
27
28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

3:18-cv-07797

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ................................................... 1

II.   STATEMENT OF THE FACTS ................................................................................... 1

  A.    The Underlying Action ................................................................................... 1

  B.    The GEICO Policy ......................................................................................... 3

  C.    The Insurance Claim ...................................................................................... 5

  D.    GEICO's Coverage Decision ......................................................................... 5

  E.    The Present Action ......................................................................................... 6

III.  ARGUMENT ............................................................................................................ 7

  A.    Legal Standards .............................................................................................. 7

    1.    Summary Judgment ............................................................................. 7

    2.    Interpretation of Insurance Policies Under California Law ................. 8

    3.    The Duty to Defend ............................................................................. 9

      a.    An Excess Policy of Insurance Which Specifically Disclaims Any Duty to Defend Does Not Obligate the Insurer to Afford A Defense ............................................................................ 9

      b.    Even Where A Policy Obligates The Insurer To Defend, It Need Only Do So If the Complaint Presents A Potential For Covered Liability ................................................................ 10

  B.    Geico Is Entitled To Summary Judgment As To All Of Plaintiff's Causes Of Action ......................................................................................... 11

    1.    There Is No Coverage Under The Policy Because All Of The Defamatory Statements Which Were The Subject Of The Underlying Action Were Published Prior To The Policy Period ....................... 11

      a.    The Policy Only Covers Defamation Which Occurred "During The Time This Policy Is In Force" ................................... 11

      b.    The Defamatory Statements Were Published Prior To The First Date The GEICO Policy Was In Force ........................... 13

    2.    Independent Of The Dates Of The Alleged Defamatory Publications, GEICO Had And Has No Duty To Defend Because Govindarajan Failed To Comply With The Policy's Condition Requiring Primary Insurance ...................................................................................... 13

    3.    Because The Policy Affords No Coverage Which Obligates GEICO To

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

# TABLE OF CONTENTS
## (continued)

Page

Defend, GEICO Has No Liability Pursuant to Govindarajan' s First Cause Of Action For Breach Of The Implied Covenant Of Good Faith And Fair Dealing ........................................................................................ 14

4.   Summary Judgment Should Be Granted In Favor of GEICO As To Govindarajan's Second Cause of Action for Declaratory Relief ............... 15

5.   Because GEICO Is Not Obligated To Defend Or Indemnify Govindarajan, It Is Entitled To Summary Judgment As To Plaintiff's Third Cause Of Action For Breach Of Contract .......................................... 15

IV.   CONCLUSION ............................................................................................... 16

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

ii

3:18-cv-07797

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Aerojet-General Corp. v. Transport Indemnity Co.,*
    17 Cal.4th 38 (1997)............................................................................................................ 8

*AIU Ins. Co. v. Superior Court,*
    51 Cal.3d 807 (1990) ......................................................................................................... 8

*Alticor, Inc. v. Nat'l Union Fire Ins. Co. of Pennsylvania,*
    916 F.Supp.2d 813 (W.D. Mich. 2013) ........................................................................... 12

*Am. Cas. Co. of Reading, Penn. v. Krieger,*
    181 F.3d 1113 (9th Cir. 1999) .......................................................................................... 15

*American Way Cellular, Inc. v. Travelers Property Casualty Co. of America,*
    216 Cal.App.4th 1040 (2013)........................................................................................... 13

*Ananda Church of Self-Realization v. Everest Nat. Ins. Co.,*
    2003 WL 205144 (2003) .................................................................................................. 11

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242 (1986) ........................................................................................................... 7

*B&E Convalescent Center v. State Comp. Ins. Fund,*
    8 Cal.App.4th 78 (1992) ..................................................................................................... 9

*Bank of the West v. Superior Court,*
    2 Cal.4th 1254 (1992) ......................................................................................................... 8

*Broom v. Cont'l Cas. Co.,*
    152 N.H. 749 (2005) ........................................................................................................ 12

*Brown v. California State Lottery Com.,*
    232 Cal.App.3d 1335 (1991).............................................................................................. 8

*Celotex Corp. v. Catrett,*
    477 U.S. 317 (1986) ........................................................................................................... 7

*Certain Underwriters at Lloyd's, London v. Superior Court,*
    24 Cal.4th 945 (2001)....................................................................................................... 16

*Chateau Chamberay Homeowners Assn. v. Associated Internat. Ins. Co.,*
    90 Cal.App.4th 335 (2001)............................................................................................... 15

*CNA Casualty of California v. Seaboard Surety Co.,*
    176 Cal.App.3d 598 (1986)............................................................................................... 10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

## TABLE OF AUTHORITIES
### (continued)

**Page**

1    *Continental Ins. Co. v. Superior Court,*
       37 Cal.App.4th 69 (1995)......................................................................................... 10
2

3    *Crawford v. Weather Shield, Mfg., Inc.,*
       44 Cal.4th 541 (2008)............................................................................................... 9
4

5    *Everett v. State Farm Gen. Ins. Co.,*
       162 Cal.App.4th 649 (2008)..................................................................................... 8

6    *First Mercury Ins. Co. v. Great Divide Ins. Co.,*
       203 F. Supp. 3d 1043 (N.D. Cal. 2016) .................................................................. 9
7

8    *Gafcon, Inc. v. Ponsor & Associates,*
       98 Cal.App.4th 1388 (2002)..................................................................................... 15
9

10   *Gilliam v. American Cas. Co., of Reading, Pennsylvania,*
       735 F. Supp. 345 (N.D. Cal. 1990) .......................................................................... 12

11   *Gribaldo, Jacobs, Jones & Associates v. Agrippiana Versicherungs A.G.,*
       3 Cal. 3d 434 (1970)................................................................................................. 9
12

13   *Harbor Ins. Co. v. Cent. Nat'I Ins. Co.,*
       165 Cal.App.3d 1029 (1985)..................................................................................... 11
14

15   *Harris v. Time, Inc.,*
       191 Cal.App.3d 449 (1987)....................................................................................... 8

16   *Healy Tibbits Const. Co. v. Foremost Ins. Co.,*
       482 F.Supp. 830 (N.D. Cal. 1979) ........................................................................... 10
17

18   *Hervey v. Mercury Cas. Co.,*
       185 Cal.App.4th 954 (2010)..................................................................................... 8

19   *Hyundai Merch. Marine Co. v. Stockton Port Dist.,*
       2014 WL 2575488 (E.D. Cal. 2014) ........................................................................ 8
20

21   *Julian v. Hartford Underwriters Insurance Co.,*
       35 Cal.4th 747 (2005)............................................................................................... 8
22

23   *Kienle v. Flack,*
       416 F.2d 693 (9th Cir.1969)..................................................................................... 10

24   *Kim Seng Co. v. Great Am. Ins. Co.,*
       179 Cal.App.4th 1030 (2009).................................................................................... 11
25

26

27   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
       OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

**TABLE OF AUTHORITIES**
(continued)

<u>Page</u>

*Love v. Fire Ins. Exch.*,
  221 Cal.App.3d 1136 (1990)................................................................... 14

*Mercury Ins. Co. v. Pearson*,
  169 Cal.App.4th 1064 (2008)..................................................................... 8

*Mez Indus., Inc. v. Pac. Nat. Ins. Co.*,
  76 Cal.App.4th 856 (1999)....................................................................... 11

*Montrose Chem. Corp. v. Superior Court*,
  6 Cal. 4th 287 (1993)................................................................................ 11

*Morris v. Paul Revere Life Ins. Co.*,
  109 Cal.App.4th 966 (2003)..................................................................... 15

*Morton by Morton v. Safeco Ins. Co.*,
  905 F.2d 1208 (9th Cir. 1990)................................................................. 15

*Nationwide Mutual Insurance Company v. Ryan*,
  2013 WL 6001931 (N.D. Cal. 2013)......................................................... 9

*North American Capacity Ins. Co. v. Claremont Liability Ins. Co.*,
  177 Cal.App.4th 272 (2009).................................................................... 13

*Pacific Employers Ins. Co. v. Superior Court*,
  221 Cal.App.3d 1348 (1990).................................................................... 12

*Palmer v. Truck Ins. Exchange*,
  21 Cal.4th 1109, 90 Cal.Rptr.2d 647 (1999)............................................. 8

*Ringler Associates Inc. v. Maryland Casualty Co.*,
  80 Cal.App.4th 1165 (2000)............................................................... 10, 11

*Safeco Ins. Co. of Am. v. Andrews*,
  915 F.2d 500 (9th Cir. 1990)................................................................... 15

*Save Mart Supermarket v. Underwriters at Lloyd's London*,
  843 F.Supp. 597 (N.D. Ca1. 1994).......................................................... 10

*Storek v. Fidelity & Guar. Ins. Underwriters, Inc.*,
  504 F.Supp.2d 803 (N.D. Cal. 2007) ...................................................... 10

*Street Surfing, LLC v. Great American E & S Ins. Co.*,
  776 F.3d 603 (9th Cir. 2014)................................................................... 11

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

**TABLE OF AUTHORITIES**
(continued)

<u>Page</u>

*The Upper Deck Co., LLC v. Fed. Ins. Co.*,
    358 F.3d 608 (9th Cir. 2004) .................................................................. 15

*Waller v. Truck Ins. Exchange*,
    11 Cal.4th 1 (1995) ................................................. 8, 10, 11, 14, 16

*Water, Inc. v. Everpure, Inc.*,
    2011 WL 13174224 (C.D.Cal. 2011) .................................................. 15

*We Do Graphics, Inc. v. Mercury Casualty Co.*,
    124 Cal.App.4th 131 (2004) ................................................................ 11

*Weber Distribution, LLC v. RSUI Indemnity Company*,
    2018 WL 5274615 (C.D.Cal. 2018) .................................................... 15

*Zurich Ins. Co. v. Peterson*,
    188 Cal.App.3d 438 (1986) ................................................................ 11

**Statutes**

Civil Code § 1638 ........................................................................................ 8

Civil Code § 2778 ........................................................................................ 9

**Rules**

Federal Rules of Civil Procedure 56 ............................................................ 7

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3:18-cv-07797

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

I.      **INTRODUCTION AND SUMMARY OF ARGUMENT**

This is an action for breach of an insurance policy for failing to defend Plaintiff herein, Ramji Govindarajan ("Govindarajan"), in an underlying action alleged anonymous defamation over the internet.  In that action, *Rosebank Road Medical Services Ltd. dba Rosebank Road Medical Centre and Geeta Murali Ganesh v. Ramji Govindarajan*, San Francisco Superior Court, Case No. CGC-16-549755 (the "Underlying Action"), Plaintiff was identified by name as a defendant for the first time in a first  amended complaint as one of the "Doe" defendants who had been fictitiously named in the originally filed complaint.  As of the date when he was first identified as a "Doe" defendant in the first amended complaint, he was covered under a policy of personal umbrella insurance issued by Defendant Government Employees Insurance Company ("GEICO") affording coverage for "personal injury" including "defamation."  However, all of the allegedly defamatory posts which are the subject of the Underlying Action were published months before the policy's inception.  Since the GEICO Policy only covers "personal injury … which takes place during the time this policy is in force" and none of the allegedly defamatory posts were first published during the GEICO policy period, GEICO is entitled to summary judgment.

Alternatively, GEICO is entitled to partial summary judgment determining that it had and has no duty to defend Govindarajan in the Underlying Action.  The GEICO policy only requires it to defend in instances where required "primary insurance" is "in force" but does not provide coverage.  Since Govindarajan wholly failed to obtain the required "primary insurance",  GEICO had and has no duty to defend him in the Underlying Action.

II.     **STATEMENT OF THE FACTS**

A.      **The Underlying Action**

On January 7, 2016, underlying plaintiffs Rosebank Road Medical Services Ltd. dba Rosebank Road Medical Centre and Geeta Murali Ganesh ("plaintiffs") filed their original complaint in the Underlying Action asserting a sole claim for relief for defamation.  Request for Judicial Notice ("RJN"), Ex. 2.  When initially filed, the Complaint only identified "Does 1-20" as defendants.  RJN Ex. 2.  It alleged that defamatory statements regarding plaintiff's medical practice were posted on a website called RateMDs.com, a website for anonymously rating doctors.  RJN Ex. 2.  The original

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1      3:18-cv-07797

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

1    complaint alleged, among other things, that "Beginning in or about October 2014, Defendants began

2    publishing numerous fake reviews about Rosebank and Dr. Ganesh on the RateMDs website." RJN

3    Ex. 2 at p. 4, ¶ 32.

4          During the course of their discovery in the Underlying Action, plaintiffs obtained a January 26,

5    2016 report generated by Diane Yu, Chief Legal Officer at RateMDs Inc. regarding the defamatory

6    reviews at issue (the "RateMDs Report").  Stodghill Decl., ¶ 8, Ex. 5.  The RateMDs Report shows

7    that all of the reviews concerning plaintiffs were published between the dates of June 5, 2015 and

8    January 17, 2016.  Stodghill Decl., Ex. 5.

9          On November 8, 2016, plaintiffs filed their operative First Amended Complaint ("FAC") in the

10   Underlying Action naming Govindarajan as a defendant for the first time.[1]  ECF Docket No. 1, Ex. 5;

11   Stodghill Decl., ¶ 7, Ex. 3.  The FAC explained that plaintiff Ganesh is a physician practicing in New

12   Zealand, and that her daughter was formerly married to Govindarajan.  Stodghill Decl., ¶ 7, Ex. 3 at p.

13

-------------------

14   [1] Although Govindarajan was not named as a defendant in the Underlying Action until the November
     8, 2016 filing of the FAC, several facts indicate that he was aware of the lawsuit in its very early
15   stages, months before he purchased the GEICO policy.  First, on January 27, 2016, Govindarajan
     received two messages from Dr. Ganesh's husband via the WhatsApp messaging system which stated,
16   "Reviewers are now identified there is no place to hide.  This will be both civil and criminal legal
     actions."  RJN Ex. 14.  Govindarajan himself acknowledged the existence and veracity of these
17   WhatsApp messages by submitting screenshots thereof to the court as Exhibit G to his Declaration in
     support of Motion to Quash Service of Summons and First Amended Complaint which was filed on
18   December 12, 2016.  RJN Ex. 14. Second, beginning in March, 2016, Govindarajan's attorney, J.
     Curtis Edmondson ("Mr. Edmondson"), began to become quite active in the Underlying Action, filing
19   several pleadings on behalf of "John Doe 1."  RJN Ex. 9. Specifically, on March 14, 2016, Mr.
     Edmondson filed an Ex Parte Application "for Defendant 'John Doe 1' to Appear And Proceed
20   Through Counsel Without Using His/Her Real Name."  RJN Ex. 9. On March 25, 2016, Mr.
     Edmondson filed a Notice of Ex Parte Application to Appear as "John Doe" as a Pseudonym.  RJN
21   Ex. 10. On April 12, 2016, Mr. Edmondson filed a Notice of Motion to Quash Subpoena to Quash the
     Summons and Complaint on Behalf of John Doe 1 under the Doctrine of *Forum Non Conveniens*.
22   RJN Ex. 11. On May 20, 2016, Mr. Edmondson filed a Reply to the Opposition to the Motion to
     Quash the Summons and Complaint.  RJN Ex. 12. On May 27, 2016, Mr. Edmondson appeared at the
23   hearing on the Motion to Quash the Summons and Complaint at which the motion was denied.  RJN
     Ex. 13.
24
     Then, one day later, on May 28, 2016, Govindarajan purchased the GEICO policy. Stodghill Decl.,
25   ¶ 4, Ex. 1; RJN Ex. 1. Given the timing of the purchase of the GEICO policy immediately after the
26   denial of his Motion to Quash, it appears Mr. Govindarajan, either of his own accord or under the
     advice of counsel, hurriedly sought to attempt to purportedly protect himself from the already pending
27   litigation which he knew he was about to be personally named in as a defendant.

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2                                          3:18-cv-07797
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

1   4, ¶ 29.  It further explained that Dr. Ganesh's daughter and Govindarajan have a young son and were

2   involved in custody and divorce proceedings.  Stodghill Decl., ¶ 7, Ex. 3 at p.  4,  ¶ 30.  Allegedly,

3   those custody and divorce proceedings put Govindarajan at odds with Dr. Ganesh and that

4   Govindarajan had threatened to destroy Dr. Ganesh's career and professional standing.  Stodghill

5   Decl., ¶ 7, Ex. 3 at p.  4,  ¶¶ 31, 33.  Thereafter, according to the FAC, Govindarajan, who was never a

6   patient of Plaintiff, published multiple false and disparaging statements by way of the reviews on the

7   RateMDs website ("the Reviews").  Stodghill Decl., ¶ 7, Ex. 3 at pp.  4-18,  ¶¶ 25-58.  The FAC

8   further alleged that Govindarajan published the Reviews willfully, maliciously, and with the intent to

9   harm plaintiffs. Stodghill Decl., ¶ 7, Ex. 3 at p.  14,  ¶ 61.

10          Following a trial in the Underlying Action, a jury returned a verdict in favor of Govindarajan

11   finding that he did not make any of the defamatory statements at issue in the Underlying Action.  ECF

12   Docket No. 1 ¶12, Ex. 8; RJN Ex. 15.  Plaintiff has appealed. ECF Docket No. 1 ¶14, Ex. 9; RJN,

13   Ex.16.  Govindarajan subsequently unsuccessfully moved for attorneys' fees under New Zealand law.

14   RJN Ex. 17.

15          **B.       The GEICO Policy**

16          In May of 2016, Govindarajan procured from GEICO Personal Umbrella Policy no. P8127665

17   for the policy period from May 28, 2016 to May 28, 2017.  ECF Docket No. 1, ¶8, Ex. 3, 4; Stodghill

18   Decl., ¶4, Ex. 1.  The Policy's declarations page identifies Govindarajan as the named insured and

19   clearly states the policy period at the top of the page, "Policy Period From 05/28/16 To 05/28/17."

20   ECF Docket No. 1, Ex. 3; Stodghill Decl. Ex. 1.  The Policy's declaration page further states that the

21   Policy's liability limit is subject to "primary insurance" on Govindarajan's "primary residence" with

22   "minimum required limits" of $300,000.  ECF Docket No. 1, Ex. 3; Stodghill Decl. Ex. 1.

23          Pursuant to the terms of the Policy, GEICO agrees to "pay *damages* on behalf of an *insured*

24   arising out of an *occurrence*, subject to the terms and conditions of this policy."  ECF Docket No. 1,

25   Ex. 2, p. 8 of 38 (2 of 5). The Policy defines "*Damages*" to mean ". . . damages an insured must pay:

26   (1) legally . . . because of *personal injury* or *property damage* covered by this policy."  ECF Docket

27   No. 1, Ex. 2, p. 7 of 38 (1 of 5). The Policy defines "*personal injury*" to include "defamation."  ECF

28   Docket No. 1, Ex. 2, p. 9 of 38 (3 of 5); Stodghill Decl., Ex. 1.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3

3:18-cv-07797

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

1  Under "Part VI CONDITIONS, paragraph "2. Defense and Settlement" provides "except as

2 provided in Part V, we are not required to take charge of the investigation, defense or settlement of a

3 claim or suit. We have the right at any time to join an *insured* or the primary insurers in the

4 investigation, defense and settlement of the claim or suit." ECF Docket No. 1, Ex. 2, p. 10 of 38 (4 of

5 5); Stodghill Decl., Ex. 1.

6  Under "Part V DEFENSE OF SUITS NOT COVERED BY OTHER INSURANCE," the

7 policy provides:

8  "1. If the required *primary insurance*:

9  (a) is in force but does not cover *personal injury* or *property damage* due to the nature

10  of the claim against you, and this policy does provide coverage, we will provide

11  defense of suits in excess of the retained limit.

12  (b) is in force but does not cover *personal injury* or *property damage* for any other

13  reason, and this policy does provide coverage, we have the right to provide a defense.

14  But we are not obligated to defend unless the *personal injury* or *property damage* is

15  alleged in the suit exceeds the required limit of *primary insurance* shown in Item 5 of

16  the *declarations*."

17 ECF Docket No. 1, Ex. 2, p. 9 OF 38 (3 of 5); Stodghill Decl., Ex. 1.

18  Under Part VI-Conditions, the policy also states

19  . . .

20  **PART VI – CONDITIONS**

21  **8. Policy Period and Territory**. *We* cover *personal injury* and *property

22  damage* which takes place anywhere during the time this policy is in force.

23  . . .

24  **10. Changes.**  The terms of this policy may not be changed or waived except

by endorsement by *us*.

25  . . .

26  **14.** *You* will maintain *your primary insurance* and notify *us* of any changes in

*your primary insurance* within 30 days.

27 ECF Docket No. 1, Ex. 2, p. 10-11 of 38 (4-5 of 5); Stodghill Decl., Ex. 1.

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4

3:18-cv-07797

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

1    The Policy defines "*primary insurance*" as insurance "for which a minimum required liability

2    limit is shown on the *declarations*; and (b) which is payable on behalf of an insured for liability for

3    *personal injury* or *property damage*; and (c) which must be maintained as a condition of this policy."

4    ECF Docket No. 1, Ex. 2, p. 7 of 38 (2 of 5); Stodghill Decl., Ex. 1.

5    **C.    The Insurance Claim**

6    On or about May 5, 2017, the Underlying Action was reported to GEICO via its online claim

7    reporting system.  Stodghill Decl., ¶ 5, Ex. 4.  GEICO Claims Attorney Michael Stodghill was the

8    claim professional assigned to the claim.  Stodghill Decl., ¶ 6.  On or about May 9, 2017, Stodghill

9    placed a telephone call to Govindarajan.  Stodghill Decl., ¶ 6.  During their conversation,

10   Govindarajan stated that he had no primary homeowner's or renter's coverage.  Stodghill Decl., ¶ 6.

11   Stodghill subsequently checked GEICO's database of insurance records for Govindarajan which

12   showed a renter's policy which was cancelled prior to the inception date of the GEICO Umbrella

13   Policy.  Stodghill Decl., ¶ 6.

14   On May 10, 2017, Stodghill, both by telephone and e-mail, contacted Govindarajan's counsel,

15   Mr. Edmondson, to discuss the claim.  Stodghill Decl., ¶ 7.  Stodghill also reviewed and evaluated the

16   FAC, a copy of which he obtained from the San Francisco Superior Court's website.  In addition,

17   Stodghill received from Edmondson a copy of the report from Rate MDs. Stodghill Decl., ¶ 8, Ex. 5.

18   In Stodghill's May 10, 2019 email to Edmondson, he asked, "I also understand Mr.

19   Govindarajan only had a personal auto policy in force on the date of the incident and did not maintain

20   any primary homeowner's or renter's insurance."  Stodghill Decl., ¶ 9, Ex. 5.  In Edmondson's May

21   10, 2019 email response to Stodghill, Edmondson stated, "As for other insurance policies, I believe

22   that there is only the auto policy."  Stodghill Decl., ¶ 9, Ex. 5.

23   **D.    GEICO's Coverage Decision**

24   Based on the information in its possession and the language of the Policy, on May 30, 2019,

25   GEICO conveyed its coverage decision with regard to the Underlying Action to Govindarajan by

26   letter dated May 30, 2017, which stated in part:

27   ///

28   ///

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

5                                                              3:18-cv-07797
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

> Per Condition 8, the Umbrella Policy is an occurrence policy that covers a covered "personal injury" or "property damage" that takes place during the time the Umbrella Policy was in force. The Lawsuit alleges numerous, very specific, defamatory statements made that are the basis for the Lawsuit. The information we have received indicates that all of those statements were made and posted to the Website before the Umbrella Policy's inception date of May 28, 2016.

Stodghill Decl., ¶ 14, Ex. 6.

GEICO's May 30, 2017 letter further stated, "We understand Govindarajan had no primary insurance applicable to the loss, which is a breach of Condition 14 quoted above." Stodghill Decl., ¶ 15 Ex. 6.

In addition, GEICO's May 30, 2017 letter advised:

> Per Condition 2, we are not required to defend a suit except as provided in Part V, though we have the right to join in the defense at any time. Part V, in turn, provides that we will defend an insured in suits in which the primary insurance is in force, but does not cover the personal injury or property damage for certain specified reasons. Part V does not require us to defend an insured in a lawsuit when the insured does not carry the required primary insurance at all. Therefore, in accordance with Condition 2 and Part V, GEICO will not be providing Mr. Govindarajan a legal defense to the Lawsuit at this time.

Stodghill Decl., ¶ 16, Ex. 6.

Edmondson responded to GEICO's May 30, 2017 Letter on June 3, 2017, disputing the denial of coverage. Stodghill Decl., ¶ 17, Ex. 7. GEICO replied to Edmondson's letter on June 12, 2017. ECF No. 1, ¶ 10, Ex. 6; Stodghill Decl., ¶ 18, Ex. 8.

### E.    The Present Action

On December 28, 2018, Govindarajan filed his complaint in the present action against GEICO. ECF Docket No. 1. The First Cause of Action asserts that GEICO breached the implied covenant of good faith and fair dealing based on, among other things, its alleged "refusal to defend and/or indemnify Govindarajan for the Rosebank Lawsuit." Id., ¶ 19. The Second Cause of Action for Declaratory Relief seeks "a judicial declaration that Govindarajan is entitled to benefits under the terms of the Umbrella Policy, including but not limited to, defense against and indemnity of the defamation claims asserted in the Rosebank Lawsuit and a defense for the ongoing Rosebank Appeal." Id., ¶ 24. The Third Cause of Action for Breach of Contract alleges, among other things, that GEICO breached the contract of insurance by "failing and/or refusing to provide Govindarajan with a defense

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

1    against and indemnity of the Rosebank Lawsuit." Id., ¶ 29.

2        The Complaint attaches as Exhibit 1 "Geico's Marketing Materials" which states in part

3    "Nobody is safe from serious accidents and lawsuits.  How might your umbrella policy come in

4    handy?  Here are some examples … D. Someone claims that your social media post is false and

5    damaging to his reputation. Sues you for $500,000 in libel." ECF Docket No. 1, Ex. 1, p. 4 of 38.  It

6    further states, "How is umbrella insurance different from raising policy limits? … An umbrella policy

7    can cover the cost of your legal defense in case of a liability lawsuit."  In addition it states, "What

8    situations could umbrella insurance cover? … Certain lawsuits like slander and defamation."  Id.  It

9    also states at the bottom of the second page, "Please note: [¶] The above is meant as general

10   information and has general policy descriptions to help you understand the different types of

11   coverages.  These descriptions do not refer to any specific contract of insurance and they do not

12   modify any definitions, exclusions or any other provision expressly stated in any contracts of

13   insurance.  We encourage you to speak to your insurance representative and to read your policy

14   contract to fully understand your coverages."  ECF Docket No. 1, Ex. 1, p. 5 of 38.

15       The parties' Joint Case Management Statement in this case states, "The underlying case

16   involved 23 'posts' to the website RateMDs.com. . . .These posts were made over a period from

17   June 5, 2015 to January 17, 2016." ECF Docket No. 16 at p. 2.

18   III.   **ARGUMENT**

19       A.   **Legal Standards**

20           1.   **Summary Judgment**

21       Rule 56 of the Federal Rules of Civil Procedure provides, "The court shall grant summary

22   judgment if the movant shows that there is no genuine dispute as to any material fact and the movant

23   is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material only if its

24   resolution will affect the outcome of the lawsuit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

25   (1986).  Once the moving party demonstrates the absence of disputed issues, the burden shifts to

26   Plaintiff to present specific facts showing that there is a genuine issue for trial. *Celotex Corp. v.*

27   *Catrett*, 477 U.S. 317, 323-25 (1986).

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

7                                                3:18-cv-07797

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

## 2.  Interpretation of Insurance Policies Under California Law

While insurance policies have special features, "they are still contracts to which the ordinary rules of contractual interpretation apply." *Bank of the West v. Superior Court*, 2 Cal.4th 1254, 1264 (1992).  Thus, the starting point in the interpretive process is the language of the contract:  "[I]f contractual language is clear and explicit, it governs." *Id.*, citing Civil Code § 1638; *accord, Waller v. Truck Ins. Exchange*, 11 Cal.4th 1, 18 (1995).  The terms of an insurance policy must be interpreted in context, giving effect to every part of the contract with each clause helping to interpret the other. *Palmer v. Truck Ins. Exchange*, 21 Cal.4th 1109, 1115, 90 Cal.Rptr.2d 647 (1999).  A policy may not be construed in such a way that would render any of its words meaningless. *AIU Ins. Co. v. Superior Court*, 51 Cal.3d 807, 827-28 (1990).

Pursuant to California Law, courts do not "add to, take away from, or otherwise modify a contract for 'public policy considerations.'" *Aerojet-General Corp. v. Transport Indemnity Co.*, 17 Cal.4th 38, 75 (1997).  Just as an insured may choose whether to procure particular coverage from an insurer at a quoted price or to seek coverage elsewhere, consistent with principles of freedom to contract, it is settled that "[a]n insurance company can limit the coverage of a policy issued by it as long as such limitation conforms to the law and is not contrary to public policy." *Julian v. Hartford Underwriters Insurance Co.*, 35 Cal.4th 747, 759 (2005).

An insurer's advertisements such as that attached as Exhibit 1 to Plaintiff's Complaint do not qualify as contractual provisions or operate to modify the terms a policy of insurance. *Hervey v. Mercury Cas. Co.*, 185 Cal.App.4th 954, 963, 968 (2010) (holding "advertising copy" and "marketing brochures" "would be inadmissible to alter or vary the terms of the policy."); *Everett v. State Farm Gen. Ins. Co.*, 162 Cal.App.4th 649, 663 (2008) ("no . . . representation could have been effective to change the terms of the fully integrated [homeowner's insurance] policy."); *Mercury Ins. Co. v. Pearson*, 169 Cal.App.4th 1064, 1073 (2008); see also *Brown v. California State Lottery Com.*, 232 Cal.App.3d 1335, 1339 (1991) ("The successful formation of a contract requires an offer and acceptance. . . . [A]dvertisements ordinarily are not offers but merely invitations to bargain."); *Harris v. Time, Inc.*, 191 Cal.App.3d 449, 455 (1987) ("It is true that advertisements are not typically treated as offers, but merely as invitations to bargain."); *Hyundai Merch. Marine Co. v. Stockton Port Dist.*,

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2014 WL 2575488, at *6 (E.D. Cal. 2014) ("[T]o the extent that Plaintiff argues that information found on Defendant's website constitutes a contract, the Court finds that Plaintiff has failed to show why the proffered evidence suffices as a binding contract and not merely an advertisement."); *Nationwide Mutual Insurance Company v. Ryan*, 2013 WL 6001931 (N.D. Cal. 2013) (ruling advertising materials were not discoverable in bad faith coverage dispute because they were not relevant).

### 3. The Duty to Defend

#### a. An Excess Policy of Insurance Which Specifically Disclaims Any Duty to Defend Does Not Obligate the Insurer to Afford A Defense

Insurance policies are contracts of "indemnity" to which the provisions of Civil Code § 2778 apply. *Gribaldo, Jacobs, Jones & Associates v. Agrippiana Versicherungs A.G.,* 3 Cal. 3d 434, 448 (1970); *First Mercury Ins. Co. v. Great Divide Ins. Co.*, 203 F. Supp. 3d 1043, 1053 (N.D. Cal. 2016). Under that provision, "in the interpretation of a contract of indemnity, the following rules are to be applied, *unless a contrary intention appears:* … 3.  An indemnity against claims, or demands, or liability, expressly, or in other equivalent terms, embraces the costs of defense against such claims, demands, or liability incurred in good faith, and in the exercise of a reasonable discretion; … ." (Emphasis added.)

Thus, where a policy of insurance expressly disclaims a duty to defend, a sufficient "contrary intention appears" within the meaning of Civil Code § 2778. Consequently, in such a case, an express provision indicating  that an affirmative duty to defend was not intended is enforceable. *Crawford v. Weather Shield, Mfg., Inc.*, 44 Cal.4th 541, 560 (2008) ("Parties to an indemnity contract can easily disclaim any responsibility of the indemnitor for the indemnitee's defense, or the costs thereof.")

Accordingly, where the Policy gives an insurer the option of defending as opposed to imposing a "duty to defend,"  such policy language is sufficient to negate a contractually implied defense duty. (*B&E Convalescent Center v. State Comp. Ins. Fund*, 8 Cal.App.4th 78, 102 (1992) ("Policy language which gives the insurer the option of defending as opposed to imposing a 'duty to defend' is sufficient to show such a contrary intention so as to negate any such contractually implied duty."); *Gribaldo, Jacobs, Jones & Associates v. Agrippiana Versicherungs A.G.,* 3 Cal. 3d 434, 448, *supra* ("However,

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3:18-cv-07797

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

it is apparent that with respect to the duty to defend the parties have indicated by the terms of the policy an intent contrary to that expressed in subdivision 4 insofar as defendants' duty to defend is concerned. Accordingly, the policy permits defendants to undertake a defense at their option. . . and requires plaintiffs to defend claims where so advised by counsel. These provisions make it apparent that defendants had no affirmative duty to defend plaintiffs, regardless of the size of any particular claim asserted against them. Accordingly, plaintiffs could have had no *reasonable* expectation that defendants had a duty to defend them.") (Emphasis in original); *Save Mart Supermarket v. Underwriters at Lloyd's London,* 843 F.Supp. 597, 603 (N.D. Ca1. 1994) (obligation to reimburse for defense costs "is not determinative of an obligation to defend"); *Continental Ins. Co. v. Superior Court*, 37 Cal.App.4th 69, 85 (1995); *Healy Tibbits Const. Co. v. Foremost Ins. Co.*, 482 F.Supp. 830, 837 (N.D. Cal. 1979) (policy provision giving an insurer a right to defend does not impose duty to defend); see also *Kienle v. Flack*, 416 F.2d 693, 696 (9th Cir.1969)  (Applying Washington law) ("But Lloyd's policy placed upon it no duty to defend.  The policy merely gave Lloyds the right to take over the lawsuit if it chose to do so.")

### b. Even Where A Policy Obligates The Insurer To Defend, It Need Only Do So If the Complaint Presents A Potential For Covered Liability

To the extent that a policy of insurance does provide for a duty to defend, such a duty  is defined by the terms of the policy's coverage.  "[T]he duty to defend, though broad, is not unlimited; it is measured by the nature and kinds of risks covered by the policy." *Waller v. Truck Ins. Exchange*, 11 Cal. 4th 1, 19 (1995).  Moreover, an insurer's duty to defend is determined "from the facts and inferences known to an insurer from the pleadings, available information and its own investigations *at the time of the tender of defense.*" *Storek v. Fidelity & Guar. Ins. Underwriters, Inc.*, 504 F.Supp.2d 803, 812 (N.D. Cal. 2007) (emphasis in original) (quoting *CNA Casualty of California v. Seaboard Surety Co.*, 176 Cal.App.3d 598, 607, 610 (1986)); *Ringler Associates Inc. v. Maryland Casualty Co.*, 80 Cal.App.4th 1165, 1184 (2000) ("an insurer's duty to defend must be analyzed on the basis of the sources and evidence actually available to it at the time of the tender of defense.").

Furthermore, even where a policy of insurance does impose a duty to defend, that duty is inapplicable where facts extrinsic to the complaint eliminate any potential for  liability which could be

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

1  covered under the policy. *Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287, 300-301 (1993).

2  Therefore, where extrinsic facts eliminate the potential for coverage, the insurer may decline to defend

3  even when the bare allegations of the complaint suggest potential liability. *Waller*, 11 Cal. 4th at 19.

4           Under California law, if "at the time of tender, the allegations of the complaint together with

5  extrinsic facts available to the insurer demonstrate no potential for coverage, the carrier may properly

6  deny a defense." *We Do Graphics, Inc. v. Mercury Casualty Co.*, 124 Cal.App.4th 131, 136 (2004).

7     **B.    Geico Is Entitled To Summary Judgment As To All Of Plaintiff's Causes Of**
       **Action**

8
               **1.    There Is No Coverage Under The Policy Because All Of The Defamatory**
9                  **Statements Which Were The Subject Of The Underlying Action Were**
                   **Published Prior To The Policy Period**

10
                   **a.    The Policy Only Covers Defamation Which Occurred "During The**
11                      **Time This Policy Is In Force"**

12          The event "triggering coverage" for covered "offenses" "is the commission of the specified

13  offense during the policy period." *Mez Indus., Inc. v. Pac. Nat. Ins. Co.,* 76 Cal.App.4th 856, 865

14  (1999) (advertising injury); *Street Surfing, LLC v. Great American E & S Ins. Co.*, 776 F.3d 603, 610

15  (9th Cir. 2014) (same).  In such a case, the "offense" is deemed to occur on the date on which it

16  commences, even if the "offense" is a continuing one.  *Zurich Ins. Co. v. Peterson*, 188 Cal.App.3d

17  438, 444-449 (1986) (malicious prosecution); *Harbor Ins. Co. v. Cent. Nat'l Ins. Co.*, 165 Cal.App.3d

18  1029, 1040 (1985) (same); *Ananda Church of Self-Realization v. Everest Nat. Ins. Co.*, 2003 WL

19  205144 at *8 (2003) (same).

20          The GEICO policy first incepted on May 28, 2016. Further, the GEICO Policy clearly states at

21  the top of the declarations page that the policy period is May 28, 2016 to May 28, 2017.  Moreover,

22  the Policy clearly limits coverage to "personal injury" occurring during the policy period, stating "We

23  cover *personal injury* . . . . which takes place anywhere during the time this policy is in force."

24          California Courts routinely enforce similar policy period provisions in holding that defamatory

25  statements first published prior to an insurance policy period are beyond the scope of coverage. As the

26  Court explained in *Kim Seng Co. v. Great Am. Ins. Co.*, 179 Cal.App.4th 1030 (2009), the purpose of

27  such temporal limitations is "to preclude coverage for risks that have already materialized...." Thus, in

28  *Ringler Associates Inc. v. Maryland Casualty Co.*, 80 Cal.App.4th 1165 (2000), the information

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

11                                                                    3:18-cv-07797
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

provided to the insurer demonstrated that none of the defamatory publications were first published within the policy period. *Id.* at p. 1175-1177. The Court found that the policy provided no coverage as the defamatory statements "complained of appear[ed] to have occurred prior to the inception of the policy period." Id. at 1175 fn. 5; see also *Broom v. Cont'l Cas. Co.,* 152 N.H. 749, 754 (2005) (policy provided no coverage for defamatory statements which were not published during the policy period); *Alticor, Inc. v. Nat'l Union Fire Ins. Co. of Pennsylvania,* 916 F.Supp.2d 813, 827 (W.D. Mich. 2013) ("under this portion of the policy, National Union has a duty to defend the insured only for offenses that occurred during the 98/99 policy period that caused personal or advertising injuries. This portion of the policy would not give rise to a duty to defend personal or advertising injury claims caused by an offense that occurred outside the policy period.").

   Contrary to plaintiff's contention, the date on which he was named as a defendant in the Underlying Action's FAC does not determine whether the Geico policy affords coverage.  In this regard, there is a clear distinction between "occurrence" type policies which provide coverage for certain events that occur during the policy period, and "claims-made" type policies where the policy provides coverage for claims made during the policy period. *Pacific Employers Ins. Co. v. Superior Court*, 221 Cal.App.3d 1348, 1356-1357 (1990) ("'[A]n 'occurrence' policy provides coverage for any acts or omissions that arise during the policy period even though the claim is made after the policy has expired.' A 'claims made' policy, on the other hand, 'is one whereby the carrier agrees to assume liability for any errors, including those made prior to the inception of the policy as long as a claim is made during the policy period.'"); *Gilliam v. American Cas. Co., of Reading, Pennsylvania*, 735 F. Supp. 345, 349 (N.D. Cal. 1990) ("Under a claims-made policy, the carrier agrees to assume liability for any acts or omissions, even those made prior to the inception of the policy, as long as notice is given, or a claim is made, within the policy period. By contrast, an 'occurrence' policy provides coverage for acts or omissions that arise during the policy period, regardless of when claims are made.").  Here, the GEICO Policy is clearly an "occurrence" type policy which specifies that it only covers "*personal injury and property damage* which takes place anywhere during the time this policy is in force."  ECF Docket No. 1, Ex. 2, p. 10 of 38 (4 of 5).

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

12

3:18-cv-07797

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

1

**b.       The Defamatory Statements Were Published Prior To The First Date The GEICO Policy Was In Force**

2

3       As stated above, all of the defamatory statements at issue in the Underlying Action were

4   published prior to the Policy Period which commenced on May 28, 2016.   Specifically, the RateMDs

5   Report showed that all of the defamatory reviews at issue in the Underlying Action were published

6   between the dates of June 5, 2015 to January 17, 2016.   In addition, the FAC itself referenced only one

7   date – namely, May 2015.   Thus, as the parties' Joint Case Management Statement in this case

8   confirms, "The underlying case involved 23 'posts' to the website RateMDs.com. . . .These posts were

9   made over a period from June 5, 2015 to January 17, 2016."   ECF Docket No. 16, p. 2.

10      Since the Geico policy only affords coverage for "personal injury. . . which takes

11  place. . . during the time this policy is in force", is an "occurrence" type policy, not a "claims made"

12  type policy.   Therefore, no coverage is afforded and consequently Geico is entitled to a summary

13  judgment in its favor.

14

**2.       Independent Of The Dates Of The Alleged Defamatory Publications, GEICO Had And Has No Duty To Defend Because Govindarajan Failed To Comply With The Policy's Condition Requiring Primary Insurance**

15

16      "A condition precedent refers to an act, condition or event that must occur before the insurance

17  contract becomes effective or binding on the parties . . . . In general, conditions neither confer nor

18  exclude coverage for a particular risk but, rather, impose certain duties on the insured in order to

19  obtain the coverage provided by the policy." *North American Capacity Ins. Co. v. Claremont Liability*

20  *Ins. Co.*, 177 Cal.App.4th 272, 289–290 (2009); see also, *American Way Cellular, Inc. v. Travelers*

21  *Property Casualty Co. of America*, 216 Cal.App.4th 1040, 1054 (2013) (affirming grant of an insurer's

22  summary judgment motion based on the insured's failure to comply with condition precedent to

23  coverage).

24      Under "PART VI – CONDITIONS," paragraph "14" requires that "you will maintain your

25  primary insurance and notify us of any changes in your primary insurance within thirty (30) days."

26  The policy defines "primary insurance" to mean insurance "for which a minimum required liability

27  limit is shown on the declarations; and (b) which is payable on behalf of an insured for liability for

28  personal injury or property damage; and (c) which must be maintained as a condition of this policy."

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

13                                                            3:18-cv-07797

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

The Policy's declaration page further states that the Policy's liability limit is subject to "minimum required limits of primary insurance" of $300,000 for Govindarajan's "primary residence." Thus, the maintenance of primary insurance is a condition for coverage under the Policy.

It is undisputed that Govindarajan did not comply with the Policy's requirement to maintain primary residential insurance during the Policy period. Govindarajan admitted this when he tendered the claim to GEICO. Stodghill Decl., ¶ 6.

As stated above, PART VI – CONDITIONS, paragraph 2 states that, "Except as provided in Part V., *we* are not required to take charge of the investigation, defense or settlement of a claim or suit." The only circumstances under which Part V. requires GEICO to provide a defense is when "the required primary insurance . . . is in force." See Policy, Part V, 1(a) & (b). Although the GEICO policy gives it "the right at any time to join an insured or the primary insurers in the investigation, defense and settlement of the claim or suit," the existence of that right coupled with the absence of a contractually imposed "duty" to defend clearly establishes that the GEICO policy does not obligate it to provide a defense. See III, A, 3, a., *supra.* Since Govindarajan did not have the required primary insurance in force, GEICO had and has no defense obligation.

> **3.**   **Because The Policy Affords No Coverage Which Obligates GEICO To Defend, GEICO Has No Liability Pursuant to Govindarajan' s First Cause Of Action For Breach Of The Implied Covenant Of Good Faith And Fair Dealing**

"It is clear that if there is no potential for coverage and, hence, no duty to defend under the terms of the policy, there can be no action for breach of the implied covenant of good faith and fair dealing because the covenant is based on the contractual relationship between the insured and the insurer." *Waller v. Truck Ins. Exchange*, 11 Cal.4th 1, 36 (1995); see also, *Love v. Fire Ins. Exch.*, 221 Cal.App.3d 1136, 1153 (1990) ("a bad faith claim cannot be maintained unless policy benefits are due").

As outlined in Stodghill's May 30, 2017 and June 12, 2017 letters, GEICO's declination is based on its policy language indicating that (1) the policy only affords coverage for "personal injury … which takes place anywhere during the time this policy is in force," and (2) specifying that except as provided in Part V (which does not apply)  "we are not required to take charge of the investigation

3:18-cv-07797

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1   or the defense or settlement of the claim or suit." GEICO's reliance on those provisions is reasonable

2   as a matter of law and thus cannot constitute a basis for a claim of bad faith. *Wilson v. 21st Century*

3   *Ins. Co.*, *supra,* (insurer has no bad faith liability as matter of law if it takes reasonable but erroneous

4   legal position regarding its contractual obligations to insured); *Chateau Chamberay Homeowners*

5   *Assn. v. Associated Internat. Ins. Co.* 90 Cal.App.4th 335, 347 (2001) (same);   *Am. Cas. Co. of*

6   *Reading, Penn. v. Krieger* 181 F.3d 1113, 1123 (9th Cir. 1999) (insurer's action based on reasonable

7   construction of policy not bad faith as a matter of law); *Morris v. Paul Revere Life Ins. Co.* 109

8   Cal.App.4th 966, 973-74 (2003) (whether insurer's interpretation was reasonable is an issue of law.)

9        Consequently, GEICO is entitled to summary judgment as to Plaintiff's first cause of action.

10       **4.        Summary Judgment Should Be Granted In Favor of GEICO As To**
                      **Govindarajan's Second Cause of Action for Declaratory Relief**

11

12       Plaintiff's second cause of action for declaratory relief seeks "a judicial declaration that

13   Govindarajan is entitled to benefits under the terms of the Umbrella Policy, including but not limited

14   to, defense against and indemnity of the defamation claims asserted in the Rosebank Lawsuit and a

15   defense for the ongoing Rosebank Appeal." (ECF Docket No. 1, ¶ 24)  However, a plaintiff insured is

16   not entitled to declaratory relief where the undisputed facts show that the defendant liability insurer

17   had no duty to defend as a matter of law.  *See, e.g., The Upper Deck Co., LLC v. Fed. Ins. Co.,* 358

18   F.3d 608, 610 (9th Cir. 2004); *Safeco Ins. Co. of Am. v. Andrews,* 915 F.2d 500, 501 (9th Cir. 1990);

19   *Morton by Morton v. Safeco Ins. Co.*, 905 F.2d 1208, 1209 (9th Cir. 1990); *see also Gafcon, Inc. v.*

20   *Ponsor & Associates* 98 Cal.App.4th 1388, 1402 (2002) (summary judgment on declaratory relief

21   claim proper where "the sought-after declaration is legally incorrect."); *Weber Distribution, LLC v.*

22   *RSUI Indemnity Company*, 2018 WL 5274615 *8 (C.D.Cal. 2018) (same); *Water, Inc. v. Everpure,*

23   *Inc.*, 2011 WL 13174224, at *21 (C.D.Cal. 2011) (same).

24       For the reasons outlined above, GEICO has no obligation to defend or indemnify Govindarajan

25   in connection with the Underlying Action. Therefore, summary judgment should be granted in favor

26   of GEICO as to Govindarajan's Second Cause of Action for Declaratory Relief.

27       **5.        Because GEICO Is Not Obligated To Defend Or Indemnify Govindarajan,**
                      **It Is Entitled To Summary Judgment As To Plaintiff's Third Cause Of**
28                    **Action For Breach Of Contract**

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

15                                                        3:18-cv-07797
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

1   GEICO did not breach the policy by declining to defend or indemnify Govindarajan in the

2   Underlying Action for two reasons. First, GEICO has no duty to defend Govindarajan in the

3   Underlying Action as all of the allegedly defamatory publications were first published before the

4   inception of the GEICO policy. See III, B.,1., *supra*. *Waller v. Truck Ins. Exchange*, 11 Cal.4th at 36-

5   37 (insurer has no contractual duty to defend where policy provides no coverage). Since GEICO has

6   no duty to defend, even if Govindarajan is ultimately found liable in the Underlying Action, it

7   nevertheless follows that GEICO owes no duty to indemnify.  *Certain Underwriters at Lloyd's,*

8   *London v. Superior Court*, 24 Cal.4th 945, 961 (2001) (it is "well settled that because the duty to

9   defend is broader than the duty to indemnify, a determination that 'there is no duty to defend

10  automatically means that there is no duty to indemnify.'")

11  Second, even if coverage is otherwise afforded, the policy does not obligate GEICO to defend

12  in the absence of the required "primary insurance" being "in force." See III, B., 2., *supra*. Since

13  Govindarajan did not secure the required "primary insurance", GEICO had and has no obligation to

14  defend him.

15  Therefore, summary judgment should be granted in favor of GEICO with regard to

16  Govindarajan's Third Cause of Action for Breach of Contract.

17  **IV.**   **CONCLUSION**

18  For the foregoing reasons, GEICO's motion for summary judgment should be granted in its

19  entirety.   In the alternative, GEICO's motion for partial summary judgment should be granted

20  determining that it had and has no duty to defend Govindarajan in the Underlying Action.  In addition,

21  GEICO's motion or partial summary judgment should be granted as to the first, second and third

22  causes of action.

23  Dated:  May 24, 2019                    McCORMICK, BARSTOW, SHEPPARD,
                                            WAYTE & CARRUTH LLP
24

25                                     By:_____/s/ James P. Wagoner_____
                                            James P. Wagoner
26                                     Attorneys for Defendant Government Employees
                                       Insurance Company, aka GEICO
27
6043642.1
28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

16                                                       3:18-cv-07797
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

1    **<u>PROOF OF SERVICE</u>**

2  **STATE OF CALIFORNIA, COUNTY OF FRESNO**

3        At the time of service, I was over 18 years of age and **not a party to this action**.  I am
   employed in the County of Fresno, State of California.  My business address is 7647 North Fresno
4  Street, Fresno, CA 93720.

5        On May 24, 2019, I served true copies of the following document(s) described as
   **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
6  SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY
   JUDGMENT** on the interested parties in this action as follows:
7

8    J. Curtis Edmondson                         Attorney for Plaintiff,
     Law Offices of J. Curtis Edmondson          RAMJI GOVINDARAJAN
9    Venture Commerce Center
     3699 NE John Olsen Ave.
10   Hillsboro, OR 97124
     Phone: (503) 336-3749
11   Fax: (503) 482-7418
     Email: jcedmondson@edmolaw.com

12        **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s)
   with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered
13  CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered
   CM/ECF users will be served by mail or by other means permitted by the court rules.
14

15        I declare under penalty of perjury under the laws of the United States of America that the
   foregoing is true and correct and that I am employed in the office of a member of the bar of this Court
16  at whose direction the service was made.

17        Executed on May 24, 2019, at Fresno, California.

18

19                                              /s/ Marisela Taylor
                                                Marisela Taylor
20

21

22

23

24

25

26

27

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3:18-cv-07797

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT